Argued and submitted October 4, reversed and remanded in part; otherwise affirmed
November 3, 1993

In the Matter of the Marriage of

## Michael Alan McQUADE,
*Respondent,*

*and*

## Patricia Louise McQUADE,
*Appellant.*

(92-1154-D-1; CA A78221)

862 P2d 545

Barbara A. Jarvis argued the cause and filed the brief for appellant.

Raymond R. Smith argued the cause for respondent. On the brief was Jerry Gastineau.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Mother appeals a dissolution judgment, assigning error to the award of custody of one of her children to that child's stepfather. We reverse and remand.

Mother and stepfather were married in 1985. Mother has one child by a previous marriage.[1] The trial court awarded stepfather custody of that child, concluding that the child's best interests would be served by placing him in stepfather's custody. Mother contends that the trial court incorrectly applied the "best interests of the child" standard in awarding custody of the child to stepfather.

■ The "best interests of the child" standard is not applicable in custody disputes between a natural parent and a person unrelated to the child. *Hruby and Hruby*, 304 Or 500, 519, 748 P2d 57 (1987). The "court must give custody of children to their natural parents unless there are compelling reasons for giving custody to another party." 304 Or at 502.

■ We review mother's appeal *de novo*. ORS 107.405. We cannot try this case anew, because the parties waived the transcript and they do nothing to assist us in determining whether there are compelling reasons to award stepfather custody of the child. Ordinarily, we would be required to affirm. However, because the limited record shows that the trial court applied the wrong legal standard in awarding stepfather custody of the child, we reverse and remand to the trial court to apply the correct standard.

Mother's remaining assignments of error do not merit discussion.

Award of custody of child to stepfather reversed and remanded; otherwise affirmed. Costs to mother.

---

[1] Mother and stepfather are the parents of another child. Mother does not appeal the award of custody of that child.